**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Carson Robert YEAGER,**
**Defendant-Appellant.**

**No. 75–3331**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Aug. 26, 1976.
Rehearing Denied Oct. 14, 1976.

Edward J. David, Fayetteville, N. C., for defendant-appellant.

Robert W. Rust, U. S. Atty., William R. Northcutt, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, GEWIN and MORGAN, Circuit Judges.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

PER CURIAM:

Carson Robert Yeager appeals from his conviction on two counts of making false declarations to a grand jury in violation of 18 U.S.C. § 1623(a).

Yeager's principal argument is that his testimony before the grand jury should have been suppressed in the perjury trial because he was not given a *Miranda*[1] warning prior to the grand jury testimony. A *Miranda* warning was required, he contends, because he was a "putative defendant" at the time he gave the grand jury testimony.

We held our decision on this issue pending the Supreme Court's review of our decision in *United States v. Mandujano*, 496 F.2d 1050 (5th Cir. 1974), because the *Mandujano* case involved the same issue as presented here by Yeager. On May 19, 1976, the Supreme Court reversed *Mandujano*, holding that in a perjury prosecution a defendant may not use the privilege against self-incrimination as the basis for suppressing the very grand jury testimony that prompted the perjury charge. *United States v. Mandujano*, —— U.S. ——, 96 S.Ct. 1768, 48 L.Ed.2d 212 (1976). The defendant in *Mandujano* was not entitled to suppression of his grand jury testimony even though he may have been a "putative defendant" and was not given a full *Miranda* warning:

> [A] witness sworn to tell the truth before a duly constituted grand jury will not be heard to call for suppression of false statements made to that jury. . . . Assuming, *arguendo*, that respondent was indeed a "putative defendant," that fact would have no bearing on the validity of a conviction for testifying falsely.

—— U.S. ——, 96 S.Ct. at 1789, 48 L.Ed.2d at 226. *Mandujano* controls here.

We have examined Yeager's remaining contentions and have found them without merit.

AFFIRMED.

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).